## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**BRIAN WALTER GORDON**                                                   **CIVIL ACTION**

**VERSUS**                                                                               **NO. 16-724-JWD-EWD**

**BANCORPSOUTH INSURANCE
SERVICES, INC. D/B/A WRIGHT & PERCY
INSURANCE, ET AL.**

### NOTICE AND ORDER

On or about September 19, 2016, Plaintiff filed a Verified Petition for Damages and/or Breach of Contract (the "Petition") in the 19th Judicial District Court for the Parish of East Baton Rouge, Louisiana against Bancorpsouth Insurance Services, Inc. d/b/a Wright & Percy Insurance ("Wright & Percy") and Hartford Insurance Company of the Midwest ("Hartford") (collectively, "Defendants").[1]  In the Petition, Plaintiff asserts that Wright & Percy, the insurance agency or broker for the flood insurance carrier that provided flood insurance for Plaintiff's property, negligently failed to place the proper and required flood insurance upon his property and failed to act as a prudent insurance agent and/or broker.[2]  Plaintiff also alleges that Hartford failed to pay Plaintiff what is owed under its policy or policies of insurance covering Plaintiff's property and failed to act in good faith in adjusting Plaintiff's claim or claims.[3]

On October 28, 2016, Hartford filed a Notice of Removal, asserting that this Court has federal question jurisdiction based upon 28 U.S.C. § 1331.[4]  Hartford asserts that it is a Write-

---

[1] R. Doc. 1-2.
[2] R. Doc. 1-2 at 4.
[3] *Id*.
[4] R. Doc. 1 at ¶ 2, 16-21.  Hartford asserts that Wright & Percy has consented to the removal.  (R. Doc. 1 at ¶ 38).

Your-Own ("WYO") Program carrier participating in the federal government's National Flood Insurance Program ("NFIP") pursuant to the National Flood Insurance Act of 1968 ("NFIA").[5] Hartford claims that as a WYO Program carrier, it is authorized to issue the Standard Flood Insurance Policy ("SFIP") on behalf of the federal government pursuant to the arrangement between itself and the Federal Emergency Management Agency ("FEMA"), set forth at 44 C.F.R. Pt. 62, App. A.[6] Hartford asserts that the SFIP is a codified federal regulation found in its entirety at 44 C.F.R. Pt. 61, App. A(1) and is governed exclusively by federal laws and the NFIA.[7]

Hartford further asserts that under 42 U.S.C. §4072, federal courts have original exclusive jurisdiction over claims involving the administration of and claims handling matters under the SFIP.[8] Hartford contends that the determination as to whether it failed to pay Plaintiff the amount owed under Plaintiff's flood insurance policy and/or whether Hartford failed to properly adjust Plaintiff's flood insurance claim or claims and any interpretation of the rules and regulations of the NFIP will require this Court to determine whether Hartford, as a WYO carrier, followed the federal requirements of NFIA and will require the Court to review and interpret the applicable rules and regulations governing Hartford's compliance with the written standards, procedures, and guidance issued by FEMA or NFIA, which will involve several substantial federal questions.[9] As such, Hartford claims the Court has federal question jurisdiction over this case under 28 U.S.C. § 1331.

---

[5] R. Doc. 1 at 1.
[6] R. Doc. 1 at ¶ 6.
[7] R. Doc. 1 at ¶ 16.
[8] R. Doc. 1 at ¶¶ 2, 14, 15.
[9] R. Doc. 1 at ¶18.

On November 21, 2016, Plaintiff filed a Motion to Remand, asserting that removal was untimely under 28 U.S.C. § 1446(b)(1).[10] The Motion to Remand does not address Hartford's allegations regarding federal question jurisdiction under 28 U.S.C. § 1331.

It is not apparent from the face of Plaintiff's Petition, the Notice of Removal, or the Motion to Remand that this Court has subject matter jurisdiction over this case under 28 U.S.C. § 1331. The Fifth Circuit has held that federal law preempts state law tort claims arising from claims handling by a WYO, but it does not preempt state law procurement-based claims. *Campo v. Allstate Ins. Co.*, 562 F.3d 751, 754-57 (5th Cir. 2009); *See, Wright v. Allstate Ins. Co.*, 415 F.3d 384, 390 (5th Cir. 2005). Stated another way, the Fifth Circuit has concluded that claims related to insurance claims handling raise a federal question under 28 U.S.C. § 1331, but claims related to insurance procurement do not. *Campo*, 562 F.3d at 757-58. Further, at least one district court within this Circuit has repeatedly held that when a plaintiff's claims center on the insurance agent's alleged failure to procure a contents flood insurance policy, the claims involve policy procurement and therefore, do not present a federal question under § 1331. *See*, *Landry v. State Farm Fire & Cas. Co.*, 428 F. Supp. 2d 531, 535 (E.D. La. 2006); *Nash v. Harry Kelleher & Co., Inc.,* 2006 WL 2644960, at *4 (E.D. La. Sept. 14, 2006).

Hartford does not address *Campo*, *Landry*, or *Nash* in its Notice of Removal[11] or in its Opposition to the Motion to Remand.[12] Although Plaintiff has not filed a Motion to Remand asserting that the Court lacks subject matter jurisdiction, the Court *sua sponte* raises the issue of whether it may exercise federal question jurisdiction in this matter, specifically, whether this case involves claims related to insurance procurement or claims handling.

---

[10] R. Doc. 7.
[11] R. Doc. 1.
[12] R. Doc. 12.

Because the face of the Petition does not establish federal question jurisdiction, the Court also requests evaluation by the parties of whether diversity jurisdiction exists in this case.[13]

Accordingly,

**IT IS HEREBY ORDERED** that Hartford shall file a memorandum and supporting evidence concerning subject matter jurisdiction within ten (10) days of the date of this Notice and Order, and that Plaintiff shall either file a memorandum and supporting evidence regarding subject matter jurisdiction or a Motion to Remand for lack of subject matter jurisdiction. The supplemental memoranda shall be limited to ten (10) pages and shall specifically address whether the claims raised in Plaintiff's state court Petition are related to insurance policy procurement or claims handling and whether in addition to or in lieu of federal question jurisdiction there is diversity jurisdiction. Once the Court has reviewed the supplemental memoranda, the Court will either allow the case to proceed if jurisdiction is present or address the Motion to Remand filed by Plaintiff.

Signed in Baton Rouge, Louisiana, on March 29, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[13] When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1).